◼  In the Matter of the Claim of GEORGE H. BURTON, Respondent, against ZIEGLER PHARMACAL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of compensation made by the Workmen's Compensation Board to claimant for disability. Claimant was a salesman for the employer which dealt in drugs and pharmaceutical preparations. The issue on appeal is whether the Workmen's Compensation Board in the State of New York had jurisdiction of the claim, and that in turn of course depends on whether there is substantial evidence to support a finding that the employment was New York employment. The employer's place of business is in Buffalo, New York, and claimant was hired there as a result of a newspaper advertisement which he saw while he was living in Washington, D. C. At first he was given the territory of Washington, D. C., Virginia, North Carolina, Pennsylvania and Maryland, and he worked for two or three years in that territory. In 1952 the employer changed the claimant's territory to Ohio and until the date of the accident, which was an automobile collision, claimant worked in that territory. He was paid a salary of $50 a week from which he deducted his expenses, and this salary was paid directly from the employer's place of business at Buffalo, New York. He reported directly to the employer in Buffalo, and received all his orders and instructions relative to his work directly from that place. Although he never actually sold drugs within the State of New York he was considered by the employer as a New York employee and covered by compensation insurance. He was also covered for social security. We think the board had substantial evidence to sustain its finding of New York employment,

and that factually the case does not fall within the rule which bars jurisdiction in this State when an employee is working at a fixed place of location outside of the State (*Matter of Wagoner* v. *Brown Mfg. Co.*, 274 N. Y. 593; *Matter of Roth* v. *Horn Co.*, 287 N. Y. 545; *Matter of Flinn* v. *Remington Rand*, 277 N. Y. 641; *Matter of Baduski* v. *Gumpert Co.*, 277 App. Div. 591, motion for leave to appeal dismissed 302 N. Y. 702). In the cases cited the evidence of hiring, direction and control emanating from the State of New York, was very similar to the facts in the instant case. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.